UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

*Plaintiff*

versus                                                         CIVIL ACTION NO. 10-353-RET-CN

EQUILLA FAYE CEASAR FORSYTHE

*Defendant*

## CONSENT JUDGMENT

The parties hereto having expressly indicated their consent to the terms and conditions of this Judgment, and the defendant confessing judgment and waiving the legal delays required by law,

I.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that plaintiff, the United States of America, do have and recover judgment against Defendant, Equilla Faye Ceasar Forsythe, for the principal amount of TWO THOUSAND FIVE HUNDRED-FIFTY DOLLARS AND NO/100 ($2,550.00), together with interest thereon from the date of this judgment until paid, as provided for by 28 U.S.C. § 1961, and all allowable costs.

II.

The Defendant agrees, consents, and stipulates that the indebtedness owed under this Judgment, as aforesaid, is not dischargeable under 11 U.S.C § 523(a)(2)(A), or any other bankruptcy statute or provision.

III.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the payment terms of this judgment will be determined by the United States, in its sole discretion, following entry of this Consent Judgment and an evaluation of a completed, signed and dated Financial Statement from defendant, and a review of the defendant's Federal Income Tax Returns for the preceding two years.  The Financial Statement and a copy of defendant's Federal Income Tax Returns, including all attachments thereto, shall be submitted by defendant to the United States Attorney's Office (attention:  Financial Litigation Unit) within 30 days following the entry of this Consent Judgment.  Thereafter, a signed and completed Financial Statement shall be submitted by the defendant to the United States Attorney's Office on each anniversary date of the Consent Judgment until this Consent Judgment is paid in full.  Payment terms may be reevaluated periodically and will be modified as appropriate, at the discretion of the United States, to take into account changed economic circumstances of the defendant, and such other factors the United States deems relevant and appropriate.

IV.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that notwithstanding any existing payment terms, this Consent Judgment may be demanded in full and immediately by the United States  upon 1) defendant's filing for bankruptcy relief, 2) defendant's failure to comply with the terms of the payment schedule established by the United States, 3) the initiation of any collection action or procedure against defendant by any other creditor, or 4) defendant's violation of any terms of this Consent Judgment.

2

V.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that defendant shall keep the United States fully and currently informed in writing of any material change in her financial situation or ability to pay, and of any change in employment, place of residence or telephone number. Defendant shall provide such information to the United States Attorney's Office within ten (10) days of such change.

VI.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** the action upon which this Consent Judgment is based seeks treble damages and penalties. The Consent Judgment, however, sets forth a total sum payable by the Defendant. Plaintiff, in its sole discretion, shall have the right to allocate for bookkeeping, accounting and other purposes, all or any portion of the total judgment debt to (1) damages, (2) penalties, or (3) any combination of both.

Baton Rouge, Louisiana, this 2nd day of June, 2010.

RALPH E. TYSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT

3